UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KERMIT B. HARRIS, | ) | CASE NO. 1:17CV2094 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| WARDEN CHARMAINE BRACY, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the undersigned on the motion to dismiss case or transfer successive petition filed by Respondent Warden Charmaine Bracy ("Respondent") on December 18, 2017. ECF Dkt. #9. Petitioner Kermit B. Harris ("Petitioner") filed a response on December 28, 2017. ECF Dkt. #10. Respondent did not file a reply. For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #9) and DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Petitioner filed the instant action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Respondent is the Warden of Trumbull Correctional Institution in Leavittsburg, Ohio, and maintains custody of Petitioner after his conviction for aggravated robbery, receving stolen property, attempted murder, and felonious assault in 1997. ECF Dkt. #9 at 2. Petitioner's conviction and aggregate sentence of twenty-four years were affirmed on appeal. *State v. Harris*, 8th Dist. Cuyahoga, No. 72687, 1998 WL 323616 (June 18, 1998).

On August 8, 2001, Petitioner filed his first habeas petition challenging his 1997 conviction. ECF Dkt. #9-1 at 1-11. The Court dismissed Petitioner's habeas petition as barred by the one-year statue of limitations provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 12-15. Petitioner appealed the decision and the Sixth Circuit denied a certificate of appealability on September 12, 2003. *Id.* at 16-17. On August 19, 2010, Petitioner filed a second habeas petition. *Id.* at 18. The Court dismissed Petitioner's second habeas petition pursuant to Rule 4 of the Rules Governing § 2254 Cases on December 30, 2010. *Id*. at 21-22.

Petitioner again appealed the decision and the Sixth Circuit denied a certificate of appealability on February 1, 2012. *Id.* at 23-28.

Petitioner also appealed his sentence to the state appellate court in 2011. *State v. Harris*, 8th Dist. Cuyahoga No. 96887, 2011-Ohio-6762. The state appellate court set forth the following relevant procedural history:

> On December 18, 2008, the trial court sua sponte ordered that [Petitioner] be returned to appear for a resentencing hearing. At the February 5, 2009 resentencing hearing, the trial court noted that although [Petitioner] had been advised of postrelease control at his initial sentencing hearing, the notification was not documented in the sentencing entry. The trial court then readvised [Petitioner] of his postrelease control responsibilities, stated the original sentence would still apply, and issued a journal entry documenting [Petitioner's] original sentence and that he would be subject to five years of postrelease control.
>
> [Petitioner] appealed from the resentencing hearing, arguing the trial court only readvised him of postrelease control and should have conducted a de novo resentencing hearing. This court, relying on *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, agreed and remanded the matter for the trial court to conduct a de novo resentencing hearing. *State v. Harris*, Cuyahoga App. No. 92892, 2010–Ohio–362.
>
> Prior to [Petitioner's] resentencing on remand, the Ohio Supreme Court decided *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332. Therefore, on May 12, 2011, the trial court entered an order stating that Fischer was controlling and that the prior limited hearing informing [Petitioner] of his postrelease control was sufficient to impose a valid postrelease control.

*Id.* at *1.

Respondent filed the motion to dismiss case or transfer successive petition on December 18, 2017. ECF Dkt. #9. Petitioner filed a response on December 28, 2017.[1] ECF Dkt. #10. Respondent did not file a reply.

## II.     **FEDERAL HABEAS CORPUS PETITION**

Petitioner, acting *pro se*, filed a § 2254 federal habeas corpus petition on October 5, 2017. ECF Dkt. #1. In his habeas petition, Petitioner asserts the following grounds for relief:

---

[1]Petitioner filed his response as an "answer and reply." ECF Dkt. #10 at 1.

> GROUND ONE: THE TRIAL COURT FAILED TO CHARGE AN OFFENSE IN COUNT (3) THREE OF THE PETITIONER'S INDICTMENT, SENTENCING JOURNAL ENTRIES AND JURY VERDICT FORMS DON'T DO NOT HAVE THE GUN SPEC"S.
>
> GROUND TWO: THE JURY VERDICT FORM DO NOT STATE IF THE PETITIONER IS CONVICTED OF ATTEMPT/MURDER OR ATTEMPT/FELONY MURDER (A) OR (B). VIOLATING A SUBSTANTIAL RIGHT OF THE UNITED STATES CONSTITUTION.
>
> GROUND THREE: THE PETITIONER'S SENTENCE IS NOT AUTHORIZED BY STATUTE OR CONVICTION. [sic]

ECF Dkt. #1 at 10, 13-14.

### III. LAW AND ANALYSIS

28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(2) goes on to state that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The statute further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The phrase "second or successive" is not defined by the AEDPA statute and is a "term of art given substance by" prior United States Supreme Court habeas corpus caselaw. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). The Supreme Court has identified two scenarios in which a subsequently filed federal habeas corpus petition is not considered a "second or successive"

petition. First, a subsequent petition is not a second or successive petition if the grounds asserted in that petition were not ripe at the time that an earlier petition was filed. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998) (when a second petition presents identical claim included in an earlier petition but claim was not yet ripe for review, the court should treat both petitions as a single application for habeas relief); *Panetti v. Quarterman*, 551 U.S. 930, 942-944 (2007) (holding that a petition that presents a claim not presented in an earlier petition when the claim would not have been ripe if it had been presented is not a second or successive petition). Second, a subsequent petition is not a second or successive petition if it attacks a state court judgment that was not attacked in the previous petition. *Magwood v. Patterson*, 561 U.S. 320 (2010). As to state court resentencings, the Supreme Court has held that a subsequent petition is not a second or successive petition where it attacks a claim that originated at resentencing and the petitioner could not have been brought it in the earlier petition. *Banks v. Bunting*, No. 5:13CV1472, 2013 WL 6579036, at *6 (N.D. Ohio, Dec. 13, 2013) (citing *Lang v. United States*, 474 F.3d 348, 351–52 (6th Cir. 2007) and *Hines v. Coleman*, No. 3:12–CV–1722, 2012 WL 5383505, *6 (N.D. Ohio Nov. 2, 2012)).

Respondent asserts that the instant habeas petition is Petitioner's third petition challenging the same 1997 conviction. ECF Dkt. #9 at 5. Continuing, Respondent states that Petitioner erroneously claims that he was sentenced on October 29, 2015, and that this was the date the trial court denied his most recent motion for resentencing. *Id.* Respondent avers that even considering Petitioner's 2009 resentencing as a new sentence, which it was not, Petitioner already filed a post-sentencing habeas petition in 2010 challenging his 1997 conviction. *Id.* at 6. Concluding, Respondent asserts that Petitioner filed the instant successive habeas petition without first obtaining permission from the Sixth Circuit as required by 28 U.S.C. § 2244(b)(3)(A). *Id.*

Petitioner contends that his habeas petition is not successive since it challenges a new judgment imposed on resentencing. ECF Dkt. #10 at 1 (citing *Magwood*, 561 U.S. at 331). Specifically, Petitioner states that, through counsel, he filed a motion for resentencing on March

-4-

23, 2015.[2] *Id.* at 2 (citing ECF Dkt. #10-2). Petitioner then discusses the procedural history of his state court filing from 2015 through 2017, and states that he properly brought his grounds for relief before the Supreme Court of Ohio. *Id.* at 2-3. Next, Petitioner asserts that, under *Magwood*, a subsequent petition is not successive if it challenges a new judgment imposed on resentencing following an earlier habeas proceeding. ECF Dkt. #10 at 5. Petitioner also claims that he could properly file his habeas petition following resentencing even if the petition was limited to claims that could have been raised in an earlier petition. *Id.* (citing *King v. Morgan*, 807 F.3d 154, 156-58 (6th Cir. 2015)).

Petitioner's argument is without merit. The motion for resentencing filed in the Cuyahoga Court of Common Pleas by Petitioner on March 23, 2015, was denied on the merits and was also determined to be barred by *res judicata*. ECF Dkt. #10-3. Contrary to Petitioner's argument, the denial of his motion for resentencing does not constitute resentencing as contemplated by *Magwood*. *See* 541 U.S. at 331-34. The state court did not grant Petitioner's motion for resentencing and thus did not resentence Petitioner. Likewise, Petitioner's habeas petition does not bring any claims that could not have been brought in an earlier petition. *See Banks*, 2013 WL 6579036, at *6. Under Petitioner's construction of the law, a petitioner could continuously refresh the ability to properly file a habeas petition by simply filing a motion for resentencing in the state court and then waiting for the motion to be denied. Petitioner's claim that the instant habeas petition challenges a new judgement imposed on resentencing is without merit and his petition is successive.

Regarding a successive habeas petition, 28 U.S.C. § 2244(b)(3)(A) states:

Before a second or successive application permitted in this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner has not moved the Sixth Circuit for an order authorizing this Court to consider his habeas petition. Accordingly, the undersigned recommends that the Court dismiss Plaintiff's habeas petition in its entirety.

---

[2] Petitioner also states that this attorney attempted to interfere with his constitutional rights. ECF Dkt. #10 at 2-3.

## IV.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #9) and DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety.


Dated: May 11, 2018                         */s/ George J. Limbert*
                                                            George J. Limbert
                                                            United States Magistrate Judge


<u>ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Crim. P. 59.  Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation.  *Id.*</u>