# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KERMIT B. HARRIS, | Case No. 1:17cv2094 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| | **ORDER AND DECISION** |
| WARDEN CHARMAINE BRACY, | |
| Respondent. | |

This matter is before the Court on Petitioner Kermit B. Harris' objections to the Magistrate's Report and Recommendation ("R&R") filed May 11, 2018. For the following reasons, Harris' objections are OVERRULED. This Court ADOPTS the R&R of the Magistrate Judge and DISMISSES Harris' Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

The R&R adequately states the factual and procedural background of the case. (Doc. 12, p. 1-2.) Harris has not demonstrated any error in the background as set forth by the Magistrate. Therefore, the Court will not reiterate that section herein.

## I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a *de novo* review of "those portions of the report or specified proposed findings recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     LAW AND ANALYSIS

Harris filed the instant habeas petition on October 5, 2017, setting forth three grounds for relief. It is Harris' third petition challenging his 1997 conviction, following petitions filed by him in 2001 and 2010. The Magistrate found that the instant petition is a successive habeas petition, and should be dismissed because Harris filed it without first obtaining permission from the Sixth Circuit as required by 28 U.S.C. § 2244(b)(3)(A).

In his objections, Harris contends that his habeas petition is not successive because it challenges a new judgment imposed on resentencing. Specifically, Harris states that, through counsel, he filed a motion for resentencing in the state trial court on March 23, 2015. Harris relies on *Magwood v. Patterson*, 561 U.S. 320, 331 (2010) in support of his argument that his petition is not successive.

This Court agrees with the Magistrate that Harris' argument lacks merit. Indeed, Harris' 2015 motion for resentencing was denied on the merits, and was also determined to be barred by *res judicata*. As the Magistrate explained, this does not constitute a resentencing as contemplated by *Magwood*. *See* 561 U.S. at 331-34. The state court did not grant Harris' motion for resentencing and therefore did not resentence Harris. As the Magistrate explained, Harris' construction of the law is nonsensical, because according to him, a petitioner could continuously refresh the ability to properly file a habeas petition by simply filing a motion for resentencing in the state court and then waiting for the motion to be denied." (Doc. 12, p. 5.)

Moreover, Harris' instant habeas petition does not bring any claims that could not have been brought in an earlier petition. *See Banks v. Bunting*, No. 5:13CV111472, 2013

WL 6579036, at *6 (N.D. Ohio, Dec. 13, 2013). Thus, Harris has not stated any grounds that would establish that his current petition is not successive petition.

Regarding a successive habeas petition, 28 U.S.C. § 2244(b)(3)(A) states:

> Before a second or successive application permitted in this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Harris has not moved the Sixth Circuit for an order authorizing this Court to consider his habeas petition.

Moreover, the Court notes that Harris' "objections" to the R&R are a repetition of the underlying argument to this Court in the original petition. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Given this, and for all of the reasons stated herein, Harris has not demonstrated error by the Magistrate Judge. Accordingly, his objections are OVERRULED.

## III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Harris' objections. Therefore, his objections are OVERRULED. The Court ADOPTS the Magistrate's R&R (Doc. 12). The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

        /s/John R. Adams
        JOHN R. ADAMS
        UNITED STATES DISTRICT JUDGE

**DATED**: 7/24/18